UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| KATHLEEN LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 05-30-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JO ANNE BARNHART, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Kathleen Lewis ("Lewis") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 10, 13] Through this action, Lewis seeks to reverse the decision of an administrative law judge ("ALJ") concluding that she was not entitled to disability insurance benefits. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. After reviewing the parties' briefs and the transcript of the administrative proceedings, the Court will grant the Commissioner's motion and deny the relief sought by Lewis because the ALJ's opinion is supported by substantial evidence and the claimant's arguments are without merit.

**I.    LEGAL STANDARD**

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that

he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 CFR § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. § 404.1520(f).[1]

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v.*

---

[1] Pursuant to 68 Fed. Reg. 51153, 51161-62, the Commissioner has changed the lettering of the relevant Code of Federal Regulations. What was previously 20 C.F.R. § 404.1520(e) and (f) are now 20 C.F.R. § 404.1520(f) and (g), respectively.

*Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and*

*Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

## II. PROCEEDINGS BEFORE THE ALJ

Lewis filed her claim for benefits on November 22, 2002, alleging an onset date of March 31, 1999. Her application was denied and she requested a hearing before an ALJ. On February 17, 2004, an administrative hearing was held before ALJ J. Don Paris in Prestonsburg, Kentucky. During this hearing, the ALJ heard testimony from Lewis and Harry Tanzey, a vocational expert ("VE"). Thereafter, the ALJ issued a decision denying benefits to Lewis. The ALJ concluded that Lewis retained the residual functional capacity to perform a significant range of light work. [Transcript ("Tr."), p. 22] Based on testimony from the VE, the ALJ further concluded that Lewis was capable of performing a significant number of jobs in the national economy. [Tr., p. 22]

## III. DISCUSSION

Lewis has an eighth grade education and past work experience as a cashier. She alleges that she became disabled on March 31, 1999, as a result of heart problems, back pain and anxiety. The record indicates that Lewis was hospitalized in 1996 for a heart attack whereupon she underwent cardiac catheterization and stenting. She has taken related medications since this 1996, but has not had further serious episodes. In addition, the medical records in the administrative transcript indicate that Lewis has undergone surgeries for a herniated disc (C5-6 level). While it appears that this surgery was successful, the ALJ determined that Lewis has persistent pain in her neck and back as a result of this condition. Finally, while the medical

evidence presented in this action indicates that Lewis has a degree of mental impairment, it does not support the assertion made below that it is severe or disabling (either alone or in combination with other impairments).

Lewis' sole argument in her federal appeal is that the ALJ "mechanically" applied the medical-vocational grid. Lewis was born on September 30, 1949. Thus, she turned 55 on September 30, 2004, more than four months after her hearing before the ALJ. The ALJ considered Lewis within the "closely approaching advanced age with limited education" grid. Lewis notes, however, that when she turned 55, in September 2004, she would be considered in "advanced age" and, applying the grid, would have led to her being considered disabled. She specifically notes that 20 C.F.R. § 404.1563(b) provides that, in utilizing the grid, the Commissioner

> will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

The Commissioner points out various flaws in Lewis' logic. First, the ALJ did not use the grids in this case to conclusively make his determination. Rather, he used a VE and individualized testimony and considerations, relying on the grids as a guide. A "grid case" occurs when the ALJ uses the grids to make broad generalizations about the types of jobs a person can perform, depending on their classification. When an ALJ utilizes a VE, however, the VE is able to provide specific and individualized testimony about the type of jobs a claimant could perform, depending upon the claimant's individual limitations. When a claimant does not

perfectly meet the definitions of a particular grid category (as here, where the ALJ concluded that Lewis' impairments did "not allow her to perform the full range of light work" [Tr., p. 22]), the grid is only used as a guide. *See Coulter v. Comm'r of Soc. Sec.*, 24 Fed. Appx. 305, 306-307 (6th Cir. 2001) (discussing use of a VE, rather than the grid, when the claimant does not fit squarely within a grid category); *Santos v. Sullivan*, 947 F.2d 950 (table), 1991 WL 229006, at *3 (9th Cir. 1991) (noting that SSR 83-12 calls for use of a VE "where the claimant can perform some but not all of the tasks at more than one exertion level.").

Further, the Sixth Circuit has noted that "[t]he fact that age categories are not to be applied mechanically, however, obviously does not mean that a claimant must be moved mechanically to the next age category whenever [her] chronological age is close to that category." *Crady v. Sec'y of Health and Human Servs.*, 835 F.2d 617, 622 (6th Cir. 1987). In addition, the ALJ need not justify his decision to simply rely upon the limits identified in the grids:

> Absent a showing of additional adversity(ies) justifying use of the higher age category, the adjudicator will use the claimant's chronological age - even when the time period is only a few days. The adjudicator need not explain his or her use of the claimant's chronological age.

HALLEX II-5-3-2. In this case, Lewis' age was not merely a "few days" away from the next age category at the time of the hearing; rather, she was more than four and a half months away.

The ALJ conducted a thorough analysis and properly considered all of the evidence. In fact, he gave Lewis the benefit of the doubt by placing her in the light exertional level, given the state agency's conclusion that Lewis could perform at the medium level. [Tr., p. 20] Lewis does

not claim that the ALJ erred in calculating her age; rather, she argues that the ALJ erred *because* he properly calculated her age. Her argument is without merit.

Further, the Court notes that, despite warnings from her physicians, Lewis has continued to smoke two packs of cigarettes every day since she was a teenager. [Tr., pp. 257-58] In *Sias v. Sec'y of Health and Human Services*, 861 F.2d 475 (6th Cir. 1988), the claimant argued that he was totally disabled, even though he smoked two packs of cigarettes a day, against his doctors advice. The Sixth Circuit rejected claimant's argument, noting that:

> [t]he Social Security Act did not repeal the principle of individual responsibility. Each of us faces myriads of choices in life, and the choices we make, whether we like it or not, have consequences. If the claimant in this case chooses to drive himself to an early grave, that is his privilege – but if he is not truly disabled, he has no right to require those who pay social security taxes to help underwrite the cost of his ride.

*Id*. at 480.

Lewis' alleged medical problems, including hypertension and coronary artery disease, are no doubt related to her smoking habit. In *Sias*, the Sixth Circuit took judicial notice of the "massive body of medical opinion" confirming that cigarette smoking negatively impacts health. *Id*. at 480 & n.2. Citing *Sias*, the Sixth Circuit has noted that although a claimant "suffers from chronic obstructive pulmonary disease, his heavy smoking habit indicates that the condition is not disabling." *Brown v. Soc. Sec. Admin.*, 221 F.3d 1333 (table), 2000 WL 876567, at **1 (6th Cir. June 22, 2000). Similarly, Lewis' heavy smoking habit lends additional support to the ALJ's conclusion that Lewis' conditions are not disabling.

**IV.    CONCLUSION**

After reviewing the briefs submitted by the parties and the record before the ALJ, this Court concludes that the ALJ's opinion was supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

(1) Claimant's Motion for Summary Judgment [Record No. 10] is **DENIED**;

(2) The Commissioner's Motion for Summary Judgment [Record No. 13] is **GRANTED**; and

(3) The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 12th day of August, 2005.

Signed By:
*Danny C. Reeves* DCR
United States District Judge